UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------

|  |  |  |
|---|---|---|
| THOMAS A. ENSLEY, *et al.*, | : | |
| | : | Case No. 1:21-cv-297 |
| Plaintiffs, | : | |
| | : | OPINION AND ORDER |
| | : | [Resolving Docs. 10, 11, 12, |
| | : | 22, 27, 28] |
| v. | : | |
| | : | |
| FEDERAL HOME LOAN | : | |
| MORTGAGE CORP., *et al.*, | : | |
| | : | |
| Defendants, | : | |

------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this home mortgage case, Defendants Federal Home Loan Mortgage Corp., Select Portfolio Servicing, Inc., Mortgage Electronic Registration Systems, Inc., and GMAC Mortgage Corporation move for judgment on the pleadings.[1]  Instead of substantively opposing Defendants' motions, *pro se* Plaintiffs Thomas and Marion Ensley also move for judgment on the pleadings.[2]  For the reasons stated below, the Court **GRANTS** Defendants' judgment on the pleadings motions, **DISMISSES** Plaintiffs' judgment on the pleadings motion as moot, and **DISMISSES** all additional pending motions as moot.

## I.     BACKGROUND

In August 2004, Plaintiffs purchased a home in Richmond Heights, Ohio.[3]  In part, Plaintiffs financed the home purchase with a $128,000 mortgage from Defendants GMAC

---

[1] Doc. 10; Doc. 11; Doc. 12.
[2] Doc. 27.
[3] Doc. 1-2 at 6.

Case No. 1:21-cv-297
Gwin, J.

Mortgage Corp. and Mortgage Electronic Registration Systems, Inc.[4]  The mortgage was properly recorded in Cuyahoga County.[5]

On May 14, 2012, Defendant mortgagee GMAC filed for bankruptcy.[6]  On June 28, 2016, Defendant Select Portfolio Servicing, Inc. notified Plaintiffs that it would become their mortgage servicer, effective July 18, 2016.[7]  At the time of the servicer switch, Plaintiffs attempted to rescind the mortgage.[8]  But Defendant Select Portfolio Servicing denied Plaintiffs' recission request.[9]

On August 15, 2018, Plaintiffs' mortgage ownership transferred to the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2018-3, ("the Freddie Mac Trust") with Defendant Federal Home Loan Mortgage Corp. ("Freddie Mac") as trustee.[10]  Neither Plaintiffs nor Defendants claim that Plaintiffs have defaulted on their mortgage obligation and neither Plaintiffs nor Defendants claim that a foreclosure action is pending against Plaintiffs' home.[11]

On December 30, 2020, Plaintiffs, *pro se*, sued Defendants in the Cuyahoga County Court of Common Pleas, seeking:

1) Declaratory judgment that the Freddie Mac Trust has no security interest in Plaintiffs' property because the assignment of Plaintiffs' home mortgage to the Freddie Mac Trust was invalid;

2) Declaratory judgment that Defendant GMAC, now defunct, breached the original 2004 mortgage agreement with Plaintiffs by failing to "satisfy, release, and reconvey the beneficial security interest in Plaintiffs' pledged Mortgage" upon transferring the Mortgage to the Freddie Mac Trust;

---

[4] Doc. 10 at 18.
[5] Doc. 27-1 at 72.
[6] Doc. 27-1 at 28.
[7] *Id.* at 2.
[8] Doc. 25-3 at 1–2.
[9] *Id.*
[10] Doc. 27-1 at 67.
[11] Doc. 6 at 9; Doc. 9 at 7; Doc. 10 at 5.

Case No. 1:21-cv-297
Gwin, J.

3) A quiet title judgment indicating that Plaintiffs are the sole owner of their home and that Defendants "have no estate, title, lien, or interest" in Plaintiffs' home;

4) Injunctive relief preventing Defendants from "prosecuting any continuance of a foreclosure sale pending trial."[12]

On February 4, 2021, Defendants removed the case to this Court.[13]

On February 24, 2021, all Defendants except the now-defunct GMAC Mortgage Corporation moved for judgment on the pleadings.[14] Plaintiffs sought and obtained a month-long extension to April 26, 2021, to find counsel and respond to Defendants' motions.[15] On the response deadline, Plaintiffs, still proceeding *pro se*, filed non-substantive responses to Defendants' motions, attaching only additional mortgage record documents.[16]

Then, on May 4, 2021, Plaintiffs filed their own motion for judgment on the pleadings, which largely ignored Defendants' motion arguments.[17] Plaintiffs still have not substantively answered Defendants' motions, despite this Court's order requiring them to do so by April 26, 2021.[18] The Court accordingly takes up Defendants' judgment on the pleadings motions without Plaintiffs' substantive response.

II.     ANALYSIS

In ruling on a motion for judgment on the pleadings, the Court "construe[s] the Complaint in the light most favorable to [Plaintiffs], accept[s] [their] allegations as true, and

---

[12] Doc. 1-2.
[13] Doc. 1.
[14] Doc. 10; Doc. 11; Doc. 12.
[15] Doc. 16; Doc. 19.
[16] Doc. 24; Doc. 25; Doc. 26.
[17] Doc. 27.
[18] Doc. 19.

Case No. 1:21-cv-297
Gwin, J.

draw[s] all reasonable inferences" in their favor.[19]  However, Plaintiffs must provide "enough facts to state a claim that is plausible on its face" by "rais[ing] a right to relief above the speculative level."[20]  Plaintiffs fail to do so here.

### A.  The Freddie Mac Mortgage Trust Transfer

Plaintiffs argue that the Freddie Mac Trust has no valid security interest in their property because Plaintiffs' mortgage was assigned to the Freddie Mac Trust in "violation of the terms of the [Freddie Mac] Trust."[21]  But, under Ohio law, mortgagors, such as Plaintiffs, "lack[] standing to challenge whether the transfer of [their] mortgage loan to a trust complied" with the trust's terms.[22]  Such "mortgage assignments," moreover, "do not alter the obligations of a debtor/mortgagor under a promissory note or a mortgage."[23]

Further, to the extent that Plaintiffs' complaint sets forth a wrongful foreclosure claim, such claims are not recognized under Ohio law.[24]  Though no foreclosure proceedings are currently pending against Plaintiffs' property, the Freddie Mac Trust, as the holder of Plaintiffs' mortgage note, has standing to enforce the note through foreclosure against Plaintiffs' property if Plaintiffs default on the mortgage note in the future.[25]

---

[19] *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin Servs., LLC*, 700 F.3d 829, 835 (6th Cir. 2012).
[20] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).
[21] Doc. 1-2 at 13.
[22] *Bank of New York Mellon v. Broyles*, 128 N.E.3d 719, 727 (Ohio Ct. App. 7th Dist. Jan 24, 2018) (collecting cases).
[23] *Id.* at 726.
[24] *PHH Mortgage Corp. v. Barker*, No. 15-19-01, 2019 WL 7049680, at *7 (3rd Dist. Dec. 23, 2019) (collecting cases).
[25] *Broyles*, 128 N.E.3d at 724.

Case No. 1:21-cv-297
Gwin, J.

For similar reasons, the Sixth Circuit has repeatedly affirmed dismissals of similar claims brought by borrowers whose mortgage notes were transferred to Securitized Trusts like the Freddie Mac Trust.[26]

### B. Breach of the Mortgage Agreement Claim against Defendant GMAC

Plaintiffs also claim that now-defunct Defendant GMAC breached its original 2004 mortgage agreement with Plaintiffs by failing to "satisfy, release, and reconvey the beneficial security interest in Plaintiffs' pledged Mortgage" after receiving the "full value of the entire instrument" during the Freddie Mac Trust assignment.[27]

An Ohio breach of contract claim requires: "(1) the formation of a binding contract or agreement; (2) the nonbreaching party performed its obligations under the contract; (3) the defendant failed to fulfill its obligations without a legally valid excuse; and (4) the nonbreaching party suffered damages."[28]

Even accepting Plaintiffs' factual allegations as true, the second breach of contract element, Plaintiffs' full performance, forecloses Plaintiffs' claim.  As explained above, Defendant GMAC's assignment of Plaintiffs' mortgage to the Freddie Mac Trust does not impact Plaintiffs' mortgage note obligations.[29]

Plaintiffs' mortgage agreement with GMAC required GMAC to extinguish its security interest in Plaintiffs' property only "upon payment of all sums secured" by the mortgage agreement.[30]  In pursuing their breach of contract claim, Plaintiffs conflate the Freddie Mac

---

[26] *See, e.g., Dauenhauer v. Bank of New York Mellon*, 562 F. App'x 473, 478–80 (6th Cir. 2014).
[27] Doc. 1-2 at 11, 17.
[28] *Carbone v. Nueva Constr. Grp., LLC*, 83 N.E.3d 375, 380 (Ohio Ct. App. 8th Dist. 2017).
[29] *Broyles*, 128 N.E.3d at 726.
[30] Doc. 10 at 29.

Case No. 1:21-cv-297
Gwin, J.

Trust's payment to GMAC for *assignment* of Plaintiffs' mortgage agreement with complete satisfaction of Plaintiffs' mortgage payment obligations.

The assignment agreement did not discharge Plaintiffs' mortgage payment obligations. In fact, on Plaintiffs' own version of events, the right to receive mortgage payments from Plaintiffs is the very benefit for which the Freddie Mac Trust bargained when it purchased Plaintiffs' mortgage note.[31] Because Plaintiffs have not alleged that they have made all payments owing under the note, GMAC (and the Freddie Mac Trust as assignee) were justified in maintaining their security interest in Plaintiffs' property under the mortgage agreement. No breach of the mortgage agreement occurred.

### C. Plaintiffs' Quiet Title Claim

Next, Plaintiffs argue that they are entitled to quiet title to the mortgaged property under Ohio Revised Code § 5303.01. Plaintiffs ask to the Court to declare that Defendants "have no estate, title, lien, or interest" in Plaintiffs' property.[32]

This claim fails for two reasons. First, Ohio courts have recognized that "a mortgage is nothing more than a lien on the premises," rather than "a cloud on [Plaintiffs'] title."[33] Ohio law does not allow Plaintiffs to extinguish a mortgagee's or mortgagee's assignee's property lien through a quiet title action.[34]

---

[31] Doc. 1-2 at 13.
[32] *Id.* at 17.
[33] *Bank of New York Mellon Tr. Co. v. Unger*, No. 97315, 2012 WL 1567192, at *7 (Ohio Ct. App. 8th Dist. May 3, 2012).
[34] *Id.*

-6-

Case No. 1:21-cv-297
Gwin, J.

Second, for the reasons explained above, Plaintiffs have not provided any other grounds for extinguishing the Freddie Mac Trust's property lien.  Plaintiffs' quiet title claim fails.

### D. Foreclosure Injunctive Relief

Finally, Plaintiffs ask the Court to issue a judgment preventing Defendants from "prosecuting any continuance of a foreclosure sale pending trial."[35]  But, as explained above, the Freddie Mac Trust, as the holder of Plaintiffs' mortgage note, has the right to enforce the note through foreclosure proceedings if Plaintiffs default on the note.[36]  None of the parties allege that Plaintiffs are in default or that foreclosure proceedings are pending.  Injunctive relief is not appropriate here.

### III.    CONCLUSION

For these reasons, the Court **GRANTS** Defendants' judgment on the pleadings motions, **DISMISSES** Plaintiffs' judgment on the pleadings motion as moot, and **DISMISSES** all additional pending motions as moot.

IT IS SO ORDERED.

Dated:  May 10, 2021                              s/      James S. Gwin
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE

---

[35] Doc. 1-2 at 18.
[36] *Broyles*, 128 N.E.3d at 724.